UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VINCENT PAUL MELENDREZ,<br><br>               Petitioner,<br><br>   v.<br><br>MARGARET GILBERT ,<br><br>              Respondent. | CASE NO. 17-984 RAJ<br><br>**ORDER DIRECTING PETITIONER TO FILE RESPONSE REGARDING REQUEST TO LIFT STAY** |

On September 1, 2017, the Court granted petitioner's motion to stay-and-abey federal proceedings to permit him to exhaust his fourth ground for relief alleging he was denied effective assistance of counsel by counsel's failure to investigate RM's sexual partners and failing to argue that RM's prior bad acts and discipline were admissible evidence of motive for fabrication. *See* Dkt. 18 at 30, and Dkts.19 and 21. Respondent has filed a status report requesting the Court lift the stay because the state court has issued a final judgment dismissing the first personal restraint petition (PRP) that petitioner filed. Dkt. 45. Respondent argues if petitioner believes a stay should remain in place pending the resolution of the second PRP that petitioner filed in state court, he should file a motion to extend the stay and explain why the second PRP will exhaust his ineffectiveness of counsel claim.

When the Court granted petitioner's motion to stay-and-abey, it did not address whether

ORDER DIRECTING PETITIONER TO FILE
RESPONSE REGARDING REQUEST TO
LIFT STAY - 1

petitioner's unexhausted ineffectiveness of counsel claim would be allowed to be presented in this federal habeas action. The Court will address that question when, and if, petitioner seeks leave to present his newly exhausted claims to this court in a further amended federal petition.

Petitioner is thus cautioned "technical exhaustion" in the state courts does not guarantee federal review. *See Mayle v. Felix*, 545 U.S. 644, 659 (2005) (newly exhausted claim that is untimely under AEDPA may be added only if it "relates back" to the original exhausted claims); *Duncan v. Walker*, 533 U.S. 167, 172-75 (2001) (AEDPA's statute of limitations is not tolled by the filing of federal habeas petition); *King v. Ryan*, 564 F.3d 1133, 1140–41 (9th Cir. 2009) (a newly exhausted claim may be added to a stayed federal petition if timely under ADEPA).

To avoid any confusion regarding the stay of this proceeding, the Court ORDERS:

(1) If petitioner believes the stay of this proceeding should stay in place, he shall file a motion to continue stay with supporting reasons. The motion shall be filed no later than **February 22, 2021**.

(2) If petitioner believes the stay should be lifted, he shall file a motion to lift the stay and a motion for leave to file an amended federal habeas petition no later than **February 22, 2021.**

DATED this 27th day of January 2021.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DIRECTING PETITIONER TO FILE
RESPONSE REGARDING REQUEST TO
LIFT STAY - 2